# COUNTY OF SOMERSET.

### INHABITANTS OF MERCER *versus* INHABITANTS OF BINGHAM.

A. offered to be defaulted for a given sum, in the suit brought by B. against him, which offer B. accepted at a subsequent term. A. claimed costs from the date of the record of his offer upon the docket to the time of its acceptance. — *Held*, that A. was not entitled to costs, but that B. was entitled to them up to the date of the default.

In order to give the defendant, who has filed his offer to be defaulted, a right to costs under R. S. of 1841, c. 115, § 22, the plaintiff must, 1st, proceed to an actual trial, and 2d, fail to recover a "greater sum for his debt or damage" than that for which defendant offered to be defaulted.

If there has been no trial in the suit, the defendant is neither entitled to costs by reason of his offer, nor thereby relieved from paying costs to the plaintiff.

EXCEPTIONS from *Nisi Prius*, TENNEY, C. J., presiding.

This was an action of ASSUMPSIT for the recovery of the value of supplies furnished by the plaintiffs to certain poor persons, alleged to have a settlement in the town of Bingham. At an early day after the entry of the action, the defendants filed an offer, in writing, to be defaulted for a certain sum, which offer was entered upon the docket, and the offer, the filing thereof, and the entry upon the docket, were such as the statute requires in R. S., c. 115, § 22. The action was continued, without the acceptance of the offer, from March term, 1855, to the September term, when the action was put upon the trial docket; but, before it was called for trial, the offer of the defendants was accepted, and they were defaulted therefor. The defendants claimed costs from the time the offer was filed and entry thereof made upon the docket, to the time of the default, which the Court disallowed. The plaintiffs moved for costs to the time of the default, which were allowed by the Court. To these rulings the defendants excepted.

*Hutchinson*, for defendants.

*J. S. Abbott*, for plaintiffs.

HATHAWAY, J.— The defendants were not entitled to costs, and the plaintiffs must have their costs until the default was entered in the action. See *Pingree* v. *Snell*, page 53 of this volume, in which case the subject was fully considered.

*Exceptions overruled.*

TENNEY, C. J., and APPLETON, CUTTING and Davis, J. J., concurred.

RICE, MAY and GOODENOW, J. J., dissented; and Mr. Justice MAY expressed the views of the dissentients in the following opinion:—

The correctness of the ruling in this case, depends upon the proper construction of the Revised Statutes, c. 115, § 22. Until the statute of 1835, c. 165, § 6, the defendant in a suit, "founded on contract, express or implied, bond, or other specialty, or judgment of court," in which more was claimed than was actually due, had no mode, except by a tender, or bringing money into court under the common rule, of permitting the plaintiff to take judgment for the whole amount to which he was justly entitled, and of avoiding the excess of the plaintiff's claim, without subjecting himself to all the costs which might accrue in the avoidance of such excess. The hardship of the rule, which subjected a party to the payment of additional costs, when such party, being unable to pay his debt before judgment, was in fact willing that judgment should go against him for the whole amount which the plaintiff was entitled to recover, attracting the attention of the Legislature, was undoubtedly the reason which induced the enactment of the statute of 1835. The object of its provisions, therefore, was to relieve an honest debtor from accumulating costs occasioned solely by the unjust demands of his creditor.

That in the construction of statutes, it is proper to have regard to all the statutes enacted in *pari materia,* cannot be denied; and, often an existing statute will be much better understood, by examining it, in the light of preceding statutes upon the same subject, although they may have been repealed. We should also keep in view the mischiefs which the statutes were designed to prevent.

The provisions of the statute to which we are now called to give a construction, R. S., c. 115, § 22, before cited, are but a revision of the statute of 1835. The general purpose of both statutes is the same; with slight variations in the phraseology, the two statutes will be found to be substantially, if not identically, alike in their meaning, except in the following provisions of the statute of 1835: "And if, after such offer and consent," referring to the offer to be defaulted, provided for in what precedes, "the plaintiff shall neglect to accept of judgment for the sum so offered *for more than* two days, the defendant shall be entitled to recover costs *afterwards*, until the plaintiff shall accept such offer, or surcease his suit, or shall recover a greater sum, and execution may issue therefor accordingly, or such costs may be off-set, as herein provided in case of trial and recovery of no greater sum than the judgment tendered." These provisions are entirely omitted in the revision.

It is conceded, that "according to the clear and express words" of both statutes, "the defendant is entitled to costs only upon the happening of two events,— first, that after such offer the plaintiff *shall proceed to trial;*" and, secondly, "shall recover no greater sum for his debt or damages up to the time when the offer was made," than the amount specified in the offer. If the statute of 1835 had not contained the provisions which are omitted in the revision, the general purpose of the statute being kept in view, can there be any reasonable doubt as to what was intended by either of the conditions upon which the defendant was to recover his costs ? Was not the offer, provided for by the statute, intended to be substituted in some respects for a tender, and until modified in its effects by the statute of 1847, c. 31, § 2, have not this Court held that such effects were similar to those resulting from a tender, or from bringing money into court under the common rule ? *Fogg* v. *Hill*, 21 Maine, 529. Indeed, the statute itself speaks of the "offer" and "judgment" thereon, being *tendered.*

By the statute of 1847, just cited, it seems to have been the intention to deprive the offer of all its incidental effects

upon the case, except upon the question of costs. *Wentworth* v. *Lord,* 39 Maine, 71. Regarding the offer upon that question only as in the nature of a tender, what is meant by proceeding to trial after it is made? Does it mean an *actual* trial, or an *expected* trial? Is not the plaintiff to be regarded as proceeding to trial, when he declines for an unreasonable time to accept the offer, and holds himself out to the defendant as insisting upon that part of his claim which the defendant denies? Is that a reasonable construction of the words, "proceed to trial," which will allow the plaintiff to progress with his cause upon the trial docket, term after term, keeping the defendant, who is willing that he shall have judgment for all that is his due, in court, with his counsel and witnesses, and perhaps at great expense, and then, when the cause is reached, before an *actual trial* is had, to accept the offer, and thereby not only to prevent the defendant from recovering his subsequent costs, but actually entitling the plaintiff to recover his own? Is such a construction in harmony with the general purpose of the statute? One definition of the preposition *to,* as laid down by our best lexicographers, is, "towards." Using it in this sense, to proceed *to* trial, simply means proceeding *towards* a trial; *that trial which the proceedings apparently indicate,* and which, from the position assumed by the plaintiff, and held out to the defendant, is naturally to be expected. It is not *a trial,* but *a proceeding to trial,* which the statute has made a condition. *To proceed to trial* is, therefore, in our judgment, necessarily nothing more than going forward with the cause after the offer, in such a manner as to indicate ostensibly that a trial is intended. Such a construction, will be found to be not only more consistent with the general purpose of the statute, than that which requires an actual trial, but more in harmony with the justice of the case, and the analogies of the law in cases of tender or bringing money into court. The first contingency, therefore, upon which a defendant, under the statute, is entitled to his costs, when considered independently of the provision which is

Mercer *v.* Bingham.

omitted in its revision, does not necessarily imply an actual trial, but may happen, and often does happen, without it.

In relation to the second contingency, the plaintiff may properly be said to have recovered no more than the offer, when the judgment, however made up, whether by a trial or otherwise, shows that the amount recovered, up to the time when the offer was made, is no more than the sum specified in the offer. The word "recover," does not, in itself, of necessity include the idea of a trial. The rendition of a judgment is all that is meant by a recovery under the statute. If, however, the language of either of the statutes, in relation to the contingencies upon which the defendant's right to costs depends, were susceptible of a different construction, in determining which is to prevail, the court are bound, if the language will fairly admit of it, to adopt that which will best effectuate the general design of the statutes, and remedy the mischiefs which they were intended to prevent. Such construction must prevail, even if the strict letter of the statute would lead to a different result. Acting upon this universally admitted rule, we cannot doubt but that either of the two statutes we have been considering, is, if we lay wholly out of view the provisions in the statute of 1835, which were not incorporated into the statute as revised, not only fairly capable of receiving, but actually requires the construction we have adopted.

Before proceeding to consider the effect of the provisions of the statute of 1835, which were not adopted in the revision of 1840, we will remark that the words "time of *trial*," as contained in that part of the revised statute which declares that, upon the happening of the necessary contingencies, "the defendant shall recover his costs of the plaintiff from the time of such offer, up *to the time of trial*," for the reasons before stated, do not mean the time of an actual trial, but the time when the action is disposed of, and the judgment which is required by the second contingency is rendered; the word trial being used to designate what is usually the effect of a trial.

If the foregoing views are sound, then it follows, that unless there be something in the omitted provision of the statute of 1835, before recited, or in the fact of its omission in the statute as revised, which satisfactorily shows that the Legislature intended a different construction from that which we have given, the ruling of the Judge at *Nisi Prius,* is erroneous, and the defendant's exceptions must be sustained. What, then, was the original purpose of this provision? Was it intended to enlarge the rights of the defendant beyond those conferred in the preceding part of the Act, or was it a limitation upon those rights? The peculiar phraseology of the statute evidently indicates that it was drawn by some person unskilled in the drawing of statutes, and, perhaps, unaccustomed to legislation. If we are right in the construction which is given to the first part of the statute, that part confers upon the defendant all the rights which are contained in the part now omitted, except those that relate to the issuing of execution or the off-setting of his costs against whatever the plaintiff may recover. Without the omitted provisions, no time was fixed, except by implication, from which the defendant should be permitted to tax his costs. The principal object of these provisions was to make certain the time from which costs might be taxed, by limiting that time to the expiration of two days after the offer should be made. Without such limitation, costs must have been allowed from the time of the offer. These provisions, therefore, instead of enlarging, actually diminish the rights before conferred.

If this omitted part of the statute, as we have seen, is not a grant but a limitation upon rights before granted, then its omission in the statute, when revised, shows a legislative intention to drop the limitation and thus to leave the previous grant in full force. Hence the statute, as revised, provides for the taxation of the defendant's costs from the time of the offer. That part of the omitted clause which provides that the defendant shall be entitled to recover costs, after the offer, "until the plaintiff shall accept such offer, or surcease his suit, or shall recover a greater sum," seems to be but a re-

capitulation of the contingencies which may happen by reason of the plaintiff's proceeding to trial, all of which are included, although not particularly specified in the preceding part of the Act. The Legislature which revised the statutes, perceiving that such specification was unnecessary, and that it would be more reasonable to allow the defendant his costs from the time of the offer than from the expiration of two days after it, dropped the clause containing such specification and limitation from the statute. This amendment, also, is found to be in furtherance of the present tendency of the public mind, in its legislative action, and in accordance with the general object of these statutes, which was the protection of honest debtors against the burden of such unnecessary costs and expenses as might arise in defence of their rights, whenever a creditor should attempt to enforce an unfounded claim.

From the view which we have taken of the clause which was omitted in the revision of the statute, it appears, that there was nothing in its provisions, or in the fact of its omission, which calls for a construction of the revised statute differing from that which we have arrived at. Such construction can work no injury to the plaintiff, because he has full opportunity, when it is offered, to take a judgment for what is legally his due; and, if he thinks the offer does not embrace so much in amount as he is entitled to receive, he can litigate the question with his debtor; but if he do so, *by proceeding on with his cause apparently for trial,* and it subsequently turns out that he was in error, he must be held subject to such costs as his election to *proceed to trial,* has, under the provisions of the statute, imposed.

It will be seen, by referring to the more recent revision of the statutes in 1857, c. 82, § 21, that such revision is in substantial conformity with the construction now given; and perhaps it may not be too much to suppose, that the late Chief Justice of this Court, to whose learning and industry the last revision of the statutes was most judiciously confided, has embodied in the new statute what he regarded as a correct

judicial interpretation of the Revised Statutes of 1840, in view of the preceding enactment which we have discussed. If so, the opinion we have arrived at finds in his judgment strong confirmation. It is also believed that the almost uniform construction of the statute, at *Nisi Prius,* has been that which we have adopted.

The conclusion to which we have come, is, that, under the Revised Statutes of 1840, c. 115, § 22, if the defendant make an offer in writing, to be defaulted, and the plaintiff neglects to accept it, but proceeds with his action towards a trial, or apparently for that purpose, the defendant will be entitled to recover his costs after the offer, and the plaintiff cannot recover any costs accruing after it was made, notwithstanding it may appear that no actual trial was had; provided that it also appear that a judgment was rendered in the suit, and the amount recovered, up to the time of the offer, was no greater than the sum specified therein. The exceptions should, therefore, be sustained.